FILED
1/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AUSA Mary Katherine McClelland (312) 371-1078

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JAMARYL SPAULDING

Case No.: 1:26-cr-00038

BETH W. JANTZ
Magistrate Judge

**AFFIDAVIT IN REMOVAL PROCEEDING**

I, KEVIN LEWIS, appearing before United States Magistrate Judge BETH W. JANTZ by telephone and being duly sworn under oath, state that as a federal law enforcement officer I have been informed that an arrest warrant has been issued for JAMARYL SPAULDING in the Middle District of Tennessee for violation of pretrial release conditions.

A copy of the arrest warrant is attached. A copy of the Petition for Action on Conditions of Pretrial Release is also attached.

/s/ Kevin Lewis
KEVIN LEWIS
Deputy U.S. Marshal
United States Marshals Service

SWORN TO AND AFFIRMED by telephone this 27th day of January, 2026.

Beth W Jantz
BETH W. JANTZ
United States Magistrate Judge

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

United States of America
v.
Jamaryl Spaulding

*Defendant*

Case No. 3:24-cr-00116-2 Judge Campbell

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Jamaryl Spaulding, who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment ❒ Superseding Indictment ❒ Information ❒ Superseding Information ❒ Complaint
❒ Probation Violation Petition ❒ Supervised Release Violation Petition ❒ Violation Notice ☑ Order of the Court

This offense is briefly described as follows:

See attached Order signed by Chief District Judge William L. Campbell, Jr. (DE No. 93).

Date: 01/16/2026

*Issuing officer's signature*

City and state: Nashville, Tennessee

Kelly Parise, Criminal Case Administrator
*Printed name and title*

**Return**

This warrant was received on *(date)* ________, and the person was arrested on *(date)* ________ at *(city and state)* ________.

Date: ________

*Arresting officer's signature*

*Printed name and title*

PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Jamaryl Spaulding Docket No. 0650 3:24CR00116 - 2

### Petition for Action on Conditions of Pretrial Release

COMES NOW Timothy A. Bolton, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Jamaryl Spaulding who was placed under pretrial release supervision by the Honorable Beth W. Jantz, U.S. Magistrate Judge, sitting in the Court at **Chicago, Illinois**, on December 23, 2024, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

Timothy A. Bolton *Timothy Bolton*
U.S. Pretrial Services Officer

Nashville, TN
Place:

January 16, 2026
Date:

**Next Scheduled Court Event** **Sentencing Hearing** (Event) April 03, 2026 (Date)

### PETITIONING THE COURT

☐ No Action
☒ To Issue a Warrant
☐ To issue an order setting a hearing on the petition
☐ Other

THE COURT ORDERS:

☐ No Action
☒ The Issuance of a Warrant.
☐ Sealed Pending Warrant Execution
(cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

Date ____________ Time ____________

Considered and ordered this 16TH day of January, 2026, and ordered filed and made a part of the records in the above case.

*[signature]*
Honorable William L. Campbell, Jr.
Chief U.S. District Judge

Honorable William L. Campbell, Jr.
Chief U.S. District Judge
RE: Petition for Action on Jamaryl Spaulding
Dkt. No.: 3:24-CR-00116-2
January 16, 2026
Page 2

On December 16, 2024, the defendant, Jamaryl Spaulding, appeared before the Honorable Beth W. Jantz, U.S. Magistrate Judge, in the Northern District of Illinois, for an initial appearance hearing as a result of being charged with Weapons Trafficking Conspiracy and Conspiracy to Commit an Offense Against the United States. On December 23, 2024, the defendant appeared for a detention hearing, and the Court ordered the defendant be released to pretrial supervision with various conditions.

The defendant resides in Illinois, and courtesy supervision is provided by Jordan Herrera, U.S. Probation Officer (USPO), in the Northern District of Illinois.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

**Alleged Violations:**

**Standard Condition No.1: The defendant must not violate federal, state, or local law while on release.**

On January 12, 2026, this officer was notified by USPO Herrera that on January 9, 2026, the defendant was arrested for Possession of Less Than 200 Pills of Ecstasy/Analog, Unlawful Parking, and License Plates Not Visible in Chicago, Illinois. On January 10, 2026, the defendant appeared in court in Cook County, Illinois, for an initial appearance and was released from custody with pretrial release conditions. A status conference is scheduled on February 5, 2026.

According to the arrest report, on January 9, 2026, Chicago police officers observed a dark blue Kia parked in a tow zone with no license plate visible. The officers initiated a traffic stop on the vehicle, and Jamaryl Spaulding was the driver. The defendant provided a valid driver's license and advised there was a temporary license plate in the back window, which was not visible to officers from the outside due to a significant window tint. The officers smelled an odor of alcohol, and a light-colored liquid was observed in a clear cup in the center console cup holder, which was suspected by the officers to be tequila.

The officers asked the defendant, female passenger (Shaniya Patterson), and three-year-old child, to exit the vehicle for a search. The defendant turned his upper body toward the back seat and reached his left hand toward his waistband. One of the officers ordered the defendant to stop reaching for his waistband, assisted him with exiting the vehicle, and arrested him. The officers observed a large bulge in the defendant's waistband and recovered an orange and white unmarked pill bottle containing 20 round white pills, suspected to be Oxycodone. The three-year-old was taken into protective custody and then released to the mother, Ms. Patterson.

Honorable William L. Campbell, Jr.
Chief U.S. District Judge
RE: Petition for Action on Jamaryl Spaulding
Dkt. No.: 3:24-CR-00116-2
January 16, 2026
Page 3

**Special Condition No.7(s): The defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops. The defendant must report any encounters within 48 hours.**

On January 9, 2026, the defendant was arrested and failed to report the arrest to USPO Herrera.

**Probation Officer's Actions:**

This officer has maintained contact with USPO Herrera regarding the defendant's compliance. USPO Herrera reported that she contacted the defendant on January 12, 2025, to address the new charges. The defendant did not report the arrest until USPO Herrera discussed the charges. The defendant stated he called USPO Herrera "after hours" to report the arrest, but USPO Herrera did not have a missed call, text, or voicemail from the defendant. The defendant explained he was approached by police on January 9, 2026, for "no reason" and was driving his girlfriend's vehicle. He reported that his girlfriend, Shaniya Patterson, was drinking alcohol. He stated his girlfriend left the pill bottle in the vehicle, and he did not have any drugs on his person.

**Compliance with Release Conditions:**

To this officer's knowledge, the defendant has complied with all other release conditions.

**Respectfully Petitioning the Court as Follows**:

It is respectfully recommended that a warrant be issued, and the defendant appear before Your Honor to address the alleged violations. Assistant U.S. Attorney Philip H. Wehby has been advised of the alleged violations.

Approved by:

Kimberly J. Haney
Supervisory U.S. Probation Officer

# UNITED STATES DISTRICT COURT
for the

United States of America
v.
JAMARYL SPAULDING
*Defendant*

Case No. 24 CR 597

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: MIDDLE DISTRICT OF TENNESSEE
*Place*

on TBD
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☒) (6) The defendant is placed in the custody of:
Person or organization TAMIKA SPAULDING
Address *(only if above is an organization)* 723 S. Shannon DR.
City and state Romeoville IL Tel. No. 630-965-5525
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: Tamika S. (Custodian) 12/20/24 (Date)

(☒) (7) The defendant must:
(☒) (a) submit to supervision by and report for supervision to the PRETRIAL SERVICES, telephone number 312-435-5793 no later than MONDAY, 12/23/24.
(☐) (b) continue or actively seek employment.
(☐) (c) continue or start an education program.
(☒) (d) surrender any passport to: WITHIN 48 HOURS AFTER LOCATION
(☒) (e) not obtain a passport or other international travel document.
(☒) (f) abide by the following restrictions on personal association, residence, or travel: NORTHERN DISTRICT OF ILLINOIS & MIDDLE DISTRICT OF TENNESSEE & TRAVEL IN BETWEEN
(☒) (g) avoid all contact, directly or indirectly, with ~~any person who is or may be a victim or witness in the investigation or prosecution~~, ~~including:~~ CO-DEFENDANTS
(☒) (h) get medical or psychiatric treatment: AT THE DISCRETION OF PRETRIAL SERVICES – PREFERENCE FOR HOME VISITS OR TELEHEALTH
(☐) (i) return to custody each ________ at ________ o'clock after being released at ________ o'clock for employment, schooling, or the following purposes: ________
(☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
(☒) (k) not possess a firearm, destructive device, or other weapon.
(☒) (l) not use alcohol (☒) at all (☐) excessively.
(☒) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(☐) (n) submit to testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, wearing a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.
(☐) (o) participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.
(☐) (p) participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol.
(☐) pay all or part of the cost of remote alcohol testing, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer.
(☒) (q) participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.
i. Following the location restriction component (**check one**):
(☐) (1) **Curfew.** You are restricted to your residence every day (☐) from ________ to ________, or (☐) as directed by the pretrial services office or supervising officer; or
(☐) (2) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer; or
(☒) (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court; or
(☐) (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

## ADDITIONAL CONDITIONS OF RELEASE

(ii) submit to the following location monitoring technology (**check one**):

(☒) (1) Location monitoring technology as directed by the pretrial services or supervising officer; or — INSTALLATION BY FRIDAY, 12/27/24
(☐) (2) GPS; or
(☐) (3) Radio Frequency; or
(☐) (4) Voice Recognition; or
(☐) (5) Virtual Mobile Application. You must allow the pretrial services or supervising officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., locational services) are unaltered, and 3) no efforts have been made to alter the mobile application.

(iii) (☐) pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer

(☒) (r) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(☐) (s) ______________________________

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

Jamayl Spaulding
*Defendant's Signature*

Romeoville, Illinois
*City and State*

### Directions to the United States Marshal

( ) The defendant is ORDERED released after processing.

(X) The United States marshal is ORDERED to keep the defendant in custody until ~~notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release~~ 11:30 CENTRAL ON MONDAY, 12/23/24. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified. IF THE GOVERNMENT FILES A MOTION TO REVOKE RELEASE PURSUANT TO 18 USC 3145, IN THE MIDDLE DISTRICT OF TENN., BY THAT TIME, THE DEFENDANT IS TO REMAIN IN CUSTODY PENDING FURTHER COURT ORDER. IF NO 3145 MOTION IS FILED BY THAT TIME, THE DEFENDANT IS TO BE RELEASED.

Date: 12/20/24

*Judicial Officer's Signature*

HON. BETH W. JANTZ
*Printed name and title*

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **UNITED STATES** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 3:24-cr-00116-2** |
| | **)** | |
| **JAMARYL SPAULDING** | **)** | |

**ORDER MODIFYING CONDITIONS OF PRETRIAL RELEASE**

Pending before the Court is the defendant Jamaryl Spaulding's motion to modify conditions of release. (Docket No. 66.) Although the motion recites that the government is not opposed to the requested modification, there is no statement of whether Pretrial Services is opposed, which the defendant and his counsel are reminded must be included in any motion to modify conditions of pretrial release. However, the Court has confirmed that Pretrial Services has no opposition to the requested modification. The defendant's motion (Docket No. 66) is therefore **GRANTED** and the conditions of the defendant's pretrial release are modified, pursuant to 18 U.S.C. § 3142(c)(3), as follows:

1. The defendant is permitted to reside with his girlfriend at the Merrillville, Indiana address provided in the motion. (Docket 66 at ¶ 11.)

2. The defendant shall, however, remain in the third-party custody of Tamika Spaulding and Ms. Spaulding retains all the responsibilities of a third-party custodian, except for providing housing for the defendant, subject to further order.

3. The defendant's location restriction, as modified (Docket 55 at ¶ 1), remains in effect. The defendant must promptly contact Pretrial Services for further instructions for location monitoring and must follow all instructions.

4. The defendant's travel restriction, Condition 7(f), is modified to allow him to additionally travel to and from the Northern District of Indiana.

5. All other conditions of the defendant's pretrial release previously imposed and not modified herein remain in full force and effect.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **NO. 3:24-cr-00116-2** |
| | **)** | |
| **JAMARYL SPAULDING** | **)** | **JUDGE CAMPBELL** |

**ORDER**

The sentencing hearing in this case is set for April 3, 2026, at 1:30 p.m. The Defendant shall attend all Court hearings in this case. The Defendant shall remain on conditions of release pending further order of the Court, with the following modifications:

1) Defendant's curfew is lifted;

2) Home incarceration is lifted; and,

2) Condition 7(q) of Home Incarceration location monitoring is lifted.

At least seven days before the sentencing date, the parties shall file a "Position of the (Government or Defendant) Regarding the Presentence Report," containing only unresolved objections to the Presentence Report (LCrR 32.01(e)(4)). Any responses shall be filed no later than three days before sentencing. If the parties have no objections to the Presentence Report, they shall so indicate in their "Position" filed with the Court. The parties shall also serve a copy of their "Position" on the Probation Office upon its filing. At least seven days before the sentencing date, the parties shall file their respective statements addressing sentencing factors set forth in 18 U.S.C. §3553(a), (LCrR 32.01(e)), other sentencing filings (LCrR 32.01(f)), and motions for a departure.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Case 3:24-cr-00116 Document 98 Filed 01/16/26 Page 1 of 1 PageID #331